*Law Library*

# IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,                           )        CRIMINAL CASE NO. CF0033-10
                                              )
        vs.                                   )
                                              )
                                              )
CHARLES E. SCHARFF II,                        )        DECISION AND ORDER
ROSEMARIE EVANGELISTA,                        )
JOAQUIN MAFNAS PANGELINAN, JR.,               )
IGNACIO SANTOS PALACIOS,                      )
                                              )
                        Defendants.           )
                                              )

        This matter came before the HONORABLE VERNON P. PEREZ on November 20, 2012. Attorney Jesse J.N. Nasis appeared on behalf of the Government. Attorney F. Randall Cunliffe represented Defendant Joaquin Mafnas Pangelinan, Jr., who was present. Attorney John C. Terlaje represented Ignacio Santos Palacios, who was present. Attorney Darleen E. Hiton represented Charles E. Scharff II. Julie R. Rosete represented Rosemarie Evangelista, who was present. Having reviewed the pleadings, the arguments presented and the record, the Court now issues the following Decision and Order.

## BACKGROUND

        The Defendants are charged with Twelve Counts of theft by receiving. On August 29, 2012, the Court filed its Decision and Order denying the Motion to Dismiss requested by Defendant Joaquin Mafnas Pangelinan Jr. and joined by the remaining Defendants. Defendant Pangelinan now requests reconsideration of the August 29, 2012 Decision and Order. All other Defendants have joined in the motion.

## DISCUSSION

        The Defendants move this Court to reconsider its August 29, 2012 Decision and Order based on the premise that the Court erred in finding Counts Three, Five, Nine, Ten, Eleven and Twelve were not outside the statute of limitations. Defendants support their contention by arguing that Counts Three, Five, Nine, Ten, Eleven and Twelve of the Superseding Indictment were based on new evidence and therefore the relation back theory does not apply.

In opposition, the Government contends that Counts Three, Five, Nine, Ten, Eleven and Twelve of the Superseding Indictment do not broaden the scope of the Original Indictment and relate back to the file date of the Original Indictment. The Government argues that the additional charges in the Superseding Indictment do not rely on entirely different evidence and do not expose the Defendants to a significantly greater sentence.

**Standard of Reconsideration**

Generally, there are several grounds upon which a motion for reconsideration may be granted. These include situations where the trial court: 1) is presented with new evidence; 2) committed clear error or the decision was manifestly unjust; or 3) if there is an intervening change in controlling law." *Ward v. Reyes*, 1998 Guam 1, ¶ 10 (April 2, 1998) (citations omitted).

In addition, "no motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion". CVR 7.1(i).[1] Thus, the Court will only decide the issue of whether or not grounds for reconsideration exist. This Court will not decide on the merits of the case once again. Guam Rule of Civil Procedure 60, which states in relevant part:

> "(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect...(6) any other reason justifying relief from the operation of the judgment." GRCP 60.

In the briefs submitted to the Court, the Government and the Defendants reargue the merits of the original Motion to Dismiss. Yet, the Court already addressed a majority of those arguments in its Decision and Order resolving the Motion to Dismiss. The Court will not readdress arguments already decided on and will only determine whether or not grounds for reconsideration exist. The only grounds mentioned by Defendant Pangelinan in his

---

[1] Where no criminal procedure rule exists, the Court may apply a relevant civil procedure statute or rule.

Memorandum of Law in Support of Motion for Reconsideration filed October 17, 2012 is Court error. There is no new evidence or a change in controlling law that could be argued to warrant reconsideration, so, the Court will only address whether or not reconsideration is appropriate based on clear Court error or manifest injustice.

Here, the Court does not find that the new counts, whether it was four or six of them, in the Superseding Indictment are based on such different evidence that the Defendants would be surprised by the added counts and unable to prepare a defense. All charges in both indictments allegedly occurred during the same time frame of August 1, 2007 to September 7, 2007. During that time frame of a little longer than a month, the Defendants allegedly participated in a string of car thefts and related activities. The Court does not expect that any of the Defendants became surprised that the police and investigators discovered additional victims after the first indictment was filed. While, the Court does acknowledge that Defendant Pangelinan is correct that six, not four, of the counts in the Superseding Indictment rely on new evidence, the Court does not believe that those facts imply clear Court error or manifest injustice.

In its earlier Decision and Order, the Court considered the issue that the new charges relied on new victims and unique evidence. The Court will not now, decide in an inconsistent way. The Court concludes that the time frame and rash like appearance of the alleged string of thefts provides ample room for a decision that the new charges did not broaden the scope of the indictment. Unlike the charges that were removed in the Court's earlier decision, the additional counts do not add or change elements of the offense. Thus, the Court did not make clear error or subject the Defendant to a manifestly unjust decision when finding that all 12 Counts in the Superseding Indictment relate back to the file date of the Original Indictment.

There is one final issue to analyze. Whether the new counts subject the Defendants to a greater sentence? Defendant Pangelinan argues that he is exposed to a greater sentence with the presence of the new counts. The Government claims that because the crime is the exact same charge and under the same criminal statute as the previous counts there can be no argument that the sentence will be greater.

The Court does not believe that an added count maintaining the exact same potential

sentence range could be considered a greater sentence. The Court understands that there could be a greater sentence where a consecutive sentence is applied to multiple counts. Yet, the Court also understands that where there is a concurrent sentence, the new counts would in fact not expose the Defendants to a greater sentence. The Court will not conclude that adding counts, after an initial complaint is filed, exposes a defendant to a greater sentence because of the potential for a consecutive sentence. Here, Counts Three, Five, Nine, Ten, Eleven and Twelve of the Superseding Indictment subject the Defendant to the same sentence range as the original counts of theft by receiving. The Court finds that the Defendants will not be exposed to a greater sentence by the addition of Counts Three, Five, Nine, Ten, Eleven and Twelve in the Superseding Indictment. Thus, there was no clear error by this Court and reconsideration of the August 29, 2012 Decision and Order is unwarranted.

## CONCLUSION

For the foregoing reasons, the Court DENIES the Defendants' Motion for Reconsideration. A Criminal Trial Setting is scheduled for this case on January 15, 2013 at 10:00a.m..

So **ORDERED** this 3rd day of January, 2013.

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM